64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor G. GREEN, Defendant-Appellant.
 No. 94-3909.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1995.
 
 Before: LIVELY, MARTIN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Victor Green appeals from a judgment finding him guilty of carjacking, in violation of 18 U.S.C. Secs. 2119 and 2, and of using a firearm in the commission of a crime of violence, in violation of 18 U.S.C. Sec. 924(c)(1). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In 1994, a jury found Victor Green guilty of carjacking and aiding and abetting, in violation of 18 U.S.C. Secs. 2119 and 2, and using a firearm in the commission of a crime of violence, in violation of 18 U.S.C. Sec. 924(c)(1). The court sentenced Green to an aggregate 168 month term of imprisonment and this appeal followed. On appeal, the parties have briefed the issues.
 
 
 3
 Green was indicted for his role in a carjacking that occurred in Youngstown, Ohio, in April 1993. The victim testified that he was in his parked car when he was approached by three men, at least one of whom was armed. He was forced out of his car at gunpoint and relinquished the keys. One of the men then struck the victim with the gun, robbed him and drove away in the victim's car. The victim positively identified Green as one of the perpetrators after having observed Green earlier that day as well as during the carjacking. Green did not take the stand in his defense.
 
 
 4
 The parties agree that counsel for Green did not move for a new trial pursuant to Fed. R. Crim. P. 33 premised upon the jury verdict being against the weight of the evidence and, as a result, Green may not now challenge his conviction on this ground. In addition, counsel for Green forthrightly concedes on appeal that the evidence was sufficient to submit the case to the jury. His appellate argument is, however, that this court should review the weight of the evidence adduced for plain error.
 
 
 5
 Green's contention is unavailing. The ultimate issue is whether the conviction was the result of plain error that affected the substantial rights of the defendant and seriously influenced the fairness, integrity or public reputation of judicial proceedings. United States v. Thomas, 11 F.3d 620, 630 (6th Cir. 1993) (citing United States v. Olano, 113 S. Ct. 1770, 1776 (1993)), cert. denied, 114 S. Ct. 1570 and 1571 (1994). There is absolutely no suggestion in the present record that Green's conviction was the result of plain error in this regard. Green was convicted of serious criminal offenses after being positively identified by the victim who had ample opportunity to observe Green before and during the event. Any attempt to depict Green's trial as suspect and unreliable based solely on the weight of the evidence is utterly without foundation. The appeal lacks merit.
 
 
 6
 The district court's judgment is affirmed.